UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | : | Criminal Action No. 11-277 (SRC) |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | |
| MICHAEL F. DURANTE, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the first motion to suppress (Docket Entry No. 108) by Defendant Michael F. Durante. Defendant's motion to suppress has three parts, seeking: 1) suppression of all evidence seized during the execution of a search warrant at Defendant's office on March 24, 2011; 2) suppression of all evidence seized from Defendant's home on March 24, 2011; and 3) suppression of all post-arrest statements allegedly made by Defendant on March 24, 2011. For the reasons set forth below, the motion will be denied in part, and a hearing will be held in regard to the search of Defendant's safe.

On July 5, 2011, this Court held a hearing on the instant motion. At the conclusion of the hearing, the Court directed the parties to submit supplementary certifications and briefing.

In large part, Defendant asks this Court to hold evidentiary hearings on the issues raised. The Third Circuit has stated the applicable legal standard as follows:

> Rule 12(b)(1) of the Federal Rules of Criminal Procedure requires that all defects in the institution of the prosecution be raised by pretrial motion. Although Rule 12 does not by its terms specify when such a motion entitles a defendant to a pretrial evidentiary hearing, we have held that a defendant's moving papers must demonstrate a "colorable claim" for relief. In order to be "colorable," a

> defendant's motion must consist of more than mere bald-faced allegations of misconduct. There must be issues of fact material to the resolution of the defendant's constitutional claim.

U.S. v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996) (citations omitted).

I.   The search at Defendant's office

Defendant contends that the evidence and fruits of the search at Defendant's office on March 24, 2011 should be suppressed on three grounds: 1) attachments A and B to the search warrant were not present during the search, making the search unconstitutional; 2) attachment A failed to adequately describe the area to be searched; and 3) the scope of the search was impermissibly broad, given the probable cause asserted in the application for the search warrant.

As to the first ground, in response, the United States of America (the "Government") has supplied the certification of Lawrence Clifton, who stated that he was the DEA Special Agent who acted as Team Leader for the search at issue, and that the copies of the warrant brought to the search were complete. (Clifton Cert. ¶¶ 1-6.) In reply, Defendant points to the certification of employee Lorraine Solomon, which states that the "packet of papers" left by the agents at Defendant's office lacked attachments A and B. (6/30/11 Cert. of Lorraine Solomon.)

Defendant has offered no evidence to controvert the evidence offered by the Government that the copies of the warrant possessed by the agents executing the search of Defendant's office were complete. Even if it is true, as stated by employee Solomon, that the copy left by the agents lacked attachments A and B, this is not more than a minor ministerial defect. There is no evidence that the agents who executed the search did not have in their possession a complete warrant.

As the Government observes, Defendant's argument here rests on the proposition that a

2

violation of Federal Rule of Criminal Procedure 41(f)(1)(C) may cause a search to be in violation of the Fourth Amendment.  Federal Rule of Criminal Procedure 41(f)(1)(C) states:

> The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

The issue of whether a violation of Rule 41(f)(1)(C) may constitute a violation of the Fourth Amendment was recently addressed by the Eighth Circuit, which held: "even if Rule 41 is violated, exclusion of evidence acquired during the search is required only if a defendant is prejudiced or if reckless disregard of proper procedure is evident." United States v. Riesselman, 646 F.3d 1072, 1078 (8th Cir. 2011).

While the Third Circuit has not addressed this issue, other circuits have, and they generally apply a standard quite similar to the Eighth Circuit's.  The Ninth Circuit, for example, has held that a failure to comply with the requirements of Rule 41(f)(1)(C) is a "mere technical error," rather than a violation of constitutional magnitude, if defendant suffered no prejudice, and the violation was not deliberate. United States v. Williamson, 439 F.3d 1125, 1133 (9th Cir. 2006); see also Frisby v. United States, 79 F.3d 29, 32 (6th Cir. 1996) (same).  Defendant has not demonstrated that he was prejudiced by the possible violation of Rule 41(f)(1)(C), nor that the violation was deliberate or due to reckless disregard of proper procedure.  If, indeed, the copy of the warrant left at Defendant's office lacked the attachments, as Defendant contends, Defendant has failed to offer anything that suggests that this was more than a minor technical error.  It does not provide a basis to suppress the evidence obtained during the search.

As to Defendant's second contention, that attachment A fails to adequately describe the

area to be searched, attachment A essentially refers to the office of Defendant's medical practice at 460 Franklin Avenue in Nutley, New Jersey. Defendant does not explain how this description is deficient, much less a deficiency sufficient to constitute a constitutional violation. The Third Circuit does not require the level of detail that Defendant appears to seek:

> [I]t is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended. The standard . . . is one of practical accuracy rather than technical nicety. Accordingly, a warrant has been considered valid if it specifies the name of the occupant of the apartment against which it is directed, despite the absence of any physical description of the particular apartment.

United States v. Bedford, 519 F.2d 650, 655 (3d Cir. 1975) (citations omitted). Attachment A appears to describe the premises to be searched with sufficient particularity under this standard. Defendant has made no showing that the officers could not, with reasonable effort, ascertain and identify the place intended. Bedford holds that it is sufficient to name the occupant of an apartment, and that the warrant need not physically describe the apartment itself. The same can be said to apply to offices. The warrant gave the name of the occupant of the office to be searched, and Bedford does not require more.

As to Defendant's third contention, that the scope of the search was impermissibly broad, given the probable cause asserted in the application for the search warrant, Defendant points to attachment B, which describes the property to be seized. Defendant argues that attachment B is overbroad, given the application for the search warrant, and that the warrant is therefore an invalid general warrant. The Third Circuit has defined an invalid general warrant as follows:

> A general warrant authorizes a general, exploratory rummaging in a person's belongings. In order for a warrant to be invalidated as general, it must vest the executing officers with unbridled discretion to conduct an exploratory rummaging through [defendant's] papers in search of criminal evidence.

4

United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents, 307 F.3d 137, 149 (3d Cir. 2002).

Defendant specifically objects to two categories of evidence listed in attachment B: 1) the part of paragraph 2 which authorizes the search of "all documents concerning the prescribing of controlled substances, including but not limited to oxycodone, outside the usual course of professional practice and not for any legitimate purpose, including but not limited to medical records of patients;" and 2) the part of paragraph 14 which authorizes seizure of "any computer hardware . . . that is believed to contain any of the foregoing records or evidence . . ."

As to the medical records, Defendant contends that the evidence submitted to establish probable cause did not justify a search of all medical records of all patients in the practice. Defendant offers little argument to persuade on this point, and fails to persuade this Court. The affidavit submitted in support of the application for the warrant refers to evidence that eleven specific individuals had, as patients of Defendant, purchased prescriptions for controlled substances from him on numerous occasions. This is sufficient to establish probable cause to believe that Defendant was engaged in an extensive pattern of prescribing controlled substances without a legitimate medical purpose to a broad group of patients in his medical practice – one that went well beyond the specific individuals described in the affidavit.[1]  This justified the

---

[1] The Government aptly cites the Ninth Circuit:

> The number of files that could be scrutinized, however, is not determinative. The search and seizure of large quantities of material is justified if the material is within the scope of the probable cause underlying the warrant.

United States v. Hayes, 794 F.2d 1348, 1355-56 (9th Cir. 1986).

5

search of the medical records of all patients in the practice in order to find evidence of this criminal activity. The search of the medical records of all patients was justified by the probable cause. See United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (probable cause that physician's practice was "permeated with the illegal distribution of drugs" justified the seizure of all medical records). Defendant has offered no basis to conclude that the section of the warrant authorizing a search of all patient records constitutes an illegal general warrant.

As to the computer hardware, the Government aptly cites the Third Circuit's decision in United States v. Stabile, 633 F.3d 219, 234 (3d Cir. 2011). In Stabile, the Third Circuit recognized the reality that it is simply not practically possible, at the time and place of the execution of the search, to search through computer records to isolate the particular electronic documents sought, and to seize only those documents. Id. It is therefore reasonable to seize entire pieces of computer equipment so that the painstaking process of combing through the records may be completed by forensic experts later. Id. The Third Circuit rejected Stabile's argument that this seizure was unreasonable as constitutionally overbroad, and this Court rejects Defendant's very similar argument here. Id. Defendant has offered no basis to conclude that the section of the warrant authorizing the seizure of computer hardware constitutes an illegal general warrant.

As to the evidence seized from the search of Defendant's office on March 24, 2011, the motion to suppress will be denied.

## II.     The search at Defendant's home

Defendant argues that, because the search of Defendant's home was warrantless, the Government must prove that the search is justified by valid consent. In particular – though

Defendant makes no specific argument – Defendant contends that the Government must prove that it had consent for the warrantless search of the locked safe.

Defendant never states clearly what his position is, and it appears to be a moving target. In his opening brief, Defendant merely asserts that the Government bears the burden of proof of consent.

In response, the Government contends that it obtained consent for the search of Defendant's home from Defendant's wife, Sheila Durante, and offers the certification of Michael O'Neill. O'Neill swore that, on March 24, 2011, he was a special agent with the U.S. Department of Homeland Security and assisted with the execution of an arrest warrant for Defendant at his residence. (Cert. of Michael O'Neill ¶¶ 1-3.) O'Neill explained in detail the procedures used to advise Mrs. Durante of what was happening. (Id. at ¶¶ 4-9.) Mrs. Durante was read the contents of a form consenting to a search of the home, and she consented to the search both orally and in writing. (Id. at ¶ 10.)

In reply, Defendant repeats that he challenges the consent to search his residence (as well as the safe, which will be examined separately), but gives no basis for this challenge. Defendant's supplemental brief, while not conceding that Mrs. Durante consented to the search of the home, does not contest the point directly. Rather, the supplemental brief points to a certification from Mrs. Durante, which denies that she gave voluntary consent for the search of her home, and states that she did not understand the form she signed. (Cert. of Sheila Durante ¶ 2.) To start with, this Court will not accept this kind of veiled, indirect hinting as argument. If Defendant has a basis to assert that there is a material factual dispute over the Government's evidence that Mrs. Durante consented to the search of the home, he must say so, and say so

clearly.  Furthermore, even considering the argument behind the veil, Mrs. Durante's statements are purely conclusory as to the informed and voluntary nature of her consent to the search.  Mrs. Durante's certification states no facts from which this Court could reasonably find a factual dispute over whether her consent was informed and voluntary.

Pursuant to Voigt, a defendant seeking an evidentiary hearing must submit moving papers which demonstrate a colorable claim for relief.  89 F.3d at 1067.  At the hearing, Defendant's counsel took the position that the Government bore the burden of demonstrating the constitutionality of the search.  At this juncture, that is incorrect.  While undoubtedly the Government has the ultimate burden of proof on such an issue, when seeking an evidentiary hearing, Defendant bears the burden of demonstrating a colorable basis for the Court to go forward.  As to the issue of whether Mrs. Durante consented to the search of the home, Defendant has failed to do so.  Defendant has given this Court no basis to find any factual question about whether Mrs. Durante gave a valid consent to search their home.

As to the search of the safe, in his opening brief, Defendant asks that the Government prove it had consent for the warrantless search.  In response, the Government offers a single glib paragraph which argues that the DEA could not have searched a locked safe had not Defendant provided the combination and agreed to open the safe.  This is unpersuasive argument that lacks any factual foundation.  The Government's opposition does not even cite agent O'Neill's certification, which gives only a few vague statements to the effect that Defendant went from asserting that he did not remember the combination to the safe to providing it.

In his reply brief, Defendant first challenged the consent to search the locked safe in his home, although, again, without explaining the basis for this challenge beyond noting that no

8

signed consent for the search of the safe exists.  In the supplementary brief, however, Defendant argues for the first time that the Government's position is contradictory, and that the assertion that Defendant gave consent to the search of the safe is contradicted by the statement on the DEA-6 form that asserts that cash was seized from the safe pursuant to a consent form signed by Mrs. Durante.

This Court agrees with Defendant that substantial factual questions remain about whether the safe was searched pursuant to a valid consent.  An evidentiary hearing on this question will be held.

In the supplemental briefing, Defendant for the first time questions the search of his mail and his briefcases in his home.  This Court rejects this position for two reasons.  First, Defendant failed to assert it in either his opening brief or his reply brief, and it has been waived.  Second, Defendant has shown no factual or legal basis for challenging the validity of the search of the mail or briefcase.  Defendant suggests, very briefly, that the mail and briefcase were areas that Mrs. Durante did not control, and she thus lacked the authority to consent to their search.

Defendant misunderstands the relevant law: "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." Georgia v. Randolph, 547 U.S. 103, 106 (2006).  Defendant has not even addressed the question of whether or not the search of the mail and briefcase was based on a reasonable belief that Mrs. Durante, the third party, had authority to consent, much less pointed to anything to suggest that such a belief would not have been reasonable.  The O'Neill certification states that the mail and the briefcase were in

plain view in the kitchen, and that the briefcase was open. (O'Neill Cert. ¶¶ 7-8.) It also states that Dr. Durante assisted in the search of the briefcase. (Id. at ¶ 12.) This Court need not, however, reach the issue of whether Defendant's conduct implied consent to search the briefcase, because there is neither evidence nor argument before this Court that it was not reasonable for the agents to believe that Mrs. Durante had the authority to consent to the search of the mail and briefcase. Defendant has shown no basis for questioning the validity of the search of the mail and the briefcase.

### III.   Defendant's post-arrest statements

Defendant calls upon the Government to prove that his purported post-arrest statements were voluntary. In opposition, the Government points to the written waiver signed by Defendant prior to making the statements at issue. In reply, Defendant does not provide evidence or argument to support any claim that the statements were not made voluntarily; instead, Defendant only notes that the waiver form is not the same as competent testimony. That observation, alone, is insufficient to raise any significant question about the admissibility of Defendant's post-arrest statements. The evidence presently before the Court supports neither granting Defendant's motion to suppress this evidence, nor scheduling a hearing to further examine a subject on which Defendant has given no indication that he has anything further to say. Defendant has failed to raise any issue of material act as to the voluntariness of his post-arrest statements. See U.S. v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (affirming denial of hearing on motion to suppress which relied solely on the government's burden of proof of Miranda warnings).

In sum, Defendant's motion to suppress will be denied in all respects except for that part concerning the evidence seized from the search of Defendant's safe at his home. On that issue

alone, the motion to suppress will not be denied, and a hearing will be held.

For these reasons,

**IT IS** on this 19th day of December, 2011,

**ORDERED** that Defendant's motion to suppress (Docket Entry No. 108) is **DENIED** in all respects, except as to the evidence obtained from the search of Defendant's safe on March 24, 2011; and it is further

**ORDERED** that a hearing be held on the motion to suppress as to the safe.

                                                    s/ Stanley R. Chesler  
                                                    Stanley R. Chesler, U.S.D.J