UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | : | Criminal Action No. 11-277 (SRC) |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | |
| MICHAEL F. DURANTE, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration of this Court's Opinion and Order entered December 20, 2011 by Defendant Michael F. Durante. For the reasons stated below, the motions for reconsideration will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(I); L. Crim. R. 1.1.

Defendant seeks reconsideration of this Court's ruling on the issue of the constitutionality of the search of Defendant's medical office, with regard to Defendant's argument that attachments A and B to the search warrant were not present during the search, making the search unconstitutional. On reconsideration, Defendant contends that this Court overlooked the certification of Melissa Miskell and the Government's alleged concession that the attachments

were not present during the search.  There are two main problems with Defendant's position.

First, while Defendant recognizes that the issue of whether the complete warrant was present during the search is distinct from the issue of whether a complete copy of the warrant was left at the office at the end of the search, he discusses the issues together, as if they were of equal significance.  They are not.  Defendant is quite correct to suggest that the absence of a complete warrant during a search may be unconstitutional under Groh v. Ramirez, 540 U.S. 551, 557 (2004), but the alleged violation of Federal Rule of Criminal Procedure 41(f)(1)(C) would not raise the constitutional concerns expressed by the Supreme Court in Groh.

Nor has Defendant pointed to overlooked evidence of a Groh violation.  The Miskell certification says nothing about whether the complete warrant was present during the search, and the purported concession by Mr. Mahajan at oral argument is such an ambiguous statement that it does not suffice to provide a basis to order an evidentiary hearing on the issue of whether the complete warrant was present during the search.  The Government has offered the certification of Agent Clifton, which states that he made complete copies of the search warrant, distributed them to the officers executing the search, and that he himself brought a complete copy to the search. (Clifton Cert. ¶¶ 5-6.)  The Miskell certification raises a factual question about whether Clifton showed the warrant to Miskell during the search – but not about whether the complete warrant was present during the search.  Defendant has offered no evidence that challenges Clifton's certification that the warrant was present during the search.  This Court is satisfied that there is no basis for reconsideration because there is still no demonstration that the agents executing the search warrant did not have a complete copy of the warrant with them.

Second, Defendant has failed to recognize the Court's reasoning in rejecting Defendant's

2

argument that the search is unconstitutional because a complete copy of the warrant was not left at the premises, as explained in the Opinion and Order of December 20, 2011. That decision turned on the Court's analysis of the case law on the question of whether a violation of Federal Rule of Criminal Procedure 41(f)(1)(C) may constitute a violation of the Fourth Amendment. Defendant, on reconsideration, has failed to address the legal issue on which this Court's decision turned. As a result, as to the issue of whether a copy of the search warrant was left at Defendant's office, Defendant's arguments about overlooked evidence are irrelevant.

Defendant next acknowledges that part of the Opinion and Order of December 20, 2011 in which this Court discussed the legal standard set forth in United States v. Riesselman, 646 F.3d 1072, 1078 (8th Cir. 2011). Defendant argues, however, that he "has not had the opportunity to elicit evidence at a hearing to meet this standard." (Def.'s Br. 12.) Again, Defendant overlooks the legal requirements for granting an evidentiary hearing, as stated in the Opinion and Order of December 20, 2011: as the Third Circuit held in U.S. v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996), Defendant's moving papers must demonstrate a "colorable claim" for relief. Defendant's brief in support of the motion to suppress, however, did not even assert that Defendant had been prejudiced by the failure to leave a copy of the search warrant or that the Government had recklessly disregarded proper procedure, much less stated a colorable claim for relief under the Riesselman standard.

Lastly, in a footnote, Defendant argues that the Clifton certification is not competent evidence due to certain technical defects. The Government filed briefing which included the Clifton certification on August 1, 2011. Defendant filed no response to the Government submission until October 5, 2011. Defendant's October 5, 2011 submission does not contend

3

that the Clifton certification is not competent evidence.  Rather, the closest it comes to this argument is this statement: "Notably, [Clifton] does not *certify* that he left a complete copy of the search warrant with all necessary attachments."  (Def.'s 10/5/11 Br. 3.)  This might be viewed as a hint about a challenge to the competence of the Clifton evidence, but not more than that.  To the extent that Defendant seeks reconsideration through this footnote, this Court considers this argument to be newly minted and not a proper basis for reconsideration.

Defendant's motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 13th day of January, 2012,

**ORDERED** that Defendant's motion for reconsideration (Docket Entry No. 176) is **DENIED**.

                                              s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J