# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | : | **Criminal Action No. 11-277 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION & ORDER** |
| v. | : |  |
|  | : |  |
| MICHAEL F. DURANTE, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |

## CHESLER, District Judge

This matter comes before the Court on Defendant Michael F. Durante's application to bar the testimony of Dr. Bruce Goldberg, a proposed expert witness for the Government, concerning the medical propriety of Defendant's procedures in prescribing narcotic drugs for his patients.

Defendant asserts that this sanction is required by the Government's repeated violations of Federal Rule of Criminal Procedure 16(a)(1)(G). This rule provides, *inter alia*, that:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

As noted by the United States Court of Appeals for the Third Circuit:

> [T]he rule is 'intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'

United States v. Hoffecker, 530 F.3d 137, 185 (3d Cir. 2008) (quoting Fed. R. Crim. P. 16 Advisory Committee note.)

As the Advisory Committee note indicates, the requesting party is entitled to a summary of the expected testimony: "This provision is intended to permit more complete pretrial preparation by the requesting party."  Fed. R. Crim. P. 16 Advisory Committee note.  The Committee notes further state: "Third, and perhaps most important, the requesting party is to be provided with a summary of the bases of the expert's opinion."  Id.  Thus, an expert disclosure which omits the opinions, as well as the bases and reasons for the opinions – and merely indicates the subjects which the witness will discuss – is "facially deficient."  Hoffecker, 530 F.3d at 186.

Nevertheless, the Rule does not require, as the Federal Rules of Civil Procedure do, "'a complete statement of all opinions the witness will express and the basis and reasons for them,' Fed. R. Civ. P. 26(a)(2)(B)(I) . . . [and] also all of the data or other information considered in forming the opinion. . ."  United States v. Nacchio, 519 F.3d 1140, 1152 (10th Cir. 2008) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i-ii)).  Neither must the disclosure describe the witness's methodology.  Id. at 1151.

A review of the Government's Rule 16 disclosures reveals the following.  On December 30, 2011, the Government advised Defendant that it expected to call Dr. Goldberg as an expert who would testify that Defendant's actions "were not for legitimate medical purposes in the usual course of medical practice or were beyond the bounds of medical practice."  In addition, the Defendant was advised of the general subjects about which Dr. Goldberg would testify, and that his opinions were based on "his training and experience and a review of records provided to him."

Defendant vigorously objected to these disclosures as being deficient under Rule 16.  In

response, on January 17, 2012, the Government, while maintaining that its prior disclosures were adequate, supplemented them with information which somewhat more explicitly indicated what Dr. Goldberg's opinions were with regard to Defendant's conduct as a doctor.  It is fair to say that this disclosure, like the disclosure of December 30, 2011, hardly constituted a "summary" of Dr. Goldberg's testimony, nor was it a description of "the witness's opinions [and] the bases and reasons for those opinions."  Fed. R. Crim. P. 16(a)(1)(G).

During a February 6, 2012 conference with the Court, Defendant's counsel again objected to the sparseness of the Government's disclosures and failure to provide proper reports in compliance with the Court's scheduling Orders.  During the conference, the Court likewise indicated that a proper disclosure under Rule 16, while not requiring the Government to give "chapter and verse" details of the witness's anticipated testimony, could not simply consist of "a pure canned statement" that the conduct was beyond the scope of proper medical conduct.

On February 9, 2012, following a further conference call with the Court, the Government filed a further supplement with the Court.  While Defendant vigorously argues that this supplement is also deficient, this Court disagrees.  The February 9, 2012 disclosure provides the defense with specific opinions that Dr. Goldberg intends to offer at trial.  Additionally, it includes a fully-developed discussion of the basis and reasons for these opinions – including examples of specific instances disclosed by the office records, medical files, and prescription records that provide the basis for these opinions.

Contrary to Defendant's position, unlike Federal Rule of Civil Procedure 26, Federal Rule of Criminal Procedure 16 does not require that the Government provide "a complete statement of all opinions . . . [as well as] all of the data or other information considered."

3

<u>Nacchio</u>, 519 F.3d at 1152.  The Court is satisfied that the February 9, 2012 disclosures fully

satisfy (albeit belatedly) the Government's obligation under Rule 16.

Defendant further argues that, even if these disclosures are adequate, the Government's

delay in providing them had so prejudiced him that barring the testimony is the only appropriate

sanction.  Federal Rule of Criminal Procedure 16(d)(2) provides, *inter alia*:

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time,
> place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

Defendant insists, however, that granting a continuance would violate his right to the speedy trial

that he has consistently desired in this case.  Thus, he contends that the only appropriate sanction

is preclusion of Dr. Goldberg's testimony.

The Court disagrees.  While the Government's delay is providing full Rule 16 expert

disclosures is hardly to be applauded, Defendant can hardly contend that he did not have at least

a general idea of the nature of the expert testimony since at least December 30, 2011.  Certainly,

he would have been in a position to obtain an expert on appropriate medical practices relating to

the prescribing of controlled substances.  While the defense expert might have not been fully

apprised of the precise substance of Dr. Goldberg's testimony, he or she would nevertheless have

been in a position to review discovery and files with a view toward forming his or her own

opinions concerning the propriety of Defendant's practices.  Thus, while the earlier disclosures

did not contain all of the detail required by the Rule, they did notify Defendant of the subject

matter of the testimony and the identity of the expert.

4

Preclusion of evidence, an extreme sanction, is not warranted when the purposes of Rule 16 are ultimately not frustrated. United States v. Cuellar, 478 F.3d 282, 294 (5th Cir. 2007). The Court is satisfied that, under the circumstances, the defense will have adequate time for an expert to fully digest Dr. Goldberg's proposed testimony prior to any defense case. In order to insure that the defense does have adequate time to prepare an appropriate expert, should Defendant choose to do so, the Court will, pursuant to Federal Rule of Criminal Procedure 16(d)(2)(B), direct that any reciprocal expert disclosure on this issue need not be provided until five days prior to the expert's testimony.

For these reasons,

**IT IS** on this 15th day of February, 2012,

**ORDERED** that Defendant's motion to exclude expert testimony (Docket Entry No. 215) is **DENIED**.

　　　s/ Stanley R. Chesler　　　
Stanley R. Chesler, U.S.D.J