UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 11-277 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| MICHAEL F. DURANTE, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on Defendant Michael F. Durante's motion to bar the testimony of John Sang, a proposed expert witness for the Government, concerning forensic handwriting analysis, on <u>Daubert</u> grounds and for Rule 16 violations.[1] For the reasons set forth below, the motion will be denied.

As to Defendant's Rule 16 argument, in the Opinion and Order of February 15, 2012, this Court explained the disclosure requirements of Rule 16. Defendant's moving brief does not identify any deficiency in the Government's disclosures under the standards that this Court explained in that Opinion, which need not be repeated here. The Government's disclosures regarding John Sang have been more than adequate under Rule 16.

Defendant contends that John Sang should be precluded from testifying at trial as a handwriting expert on <u>Daubert</u> grounds. This Court agrees with Defendant to the limited extent that Federal Rule of Evidence 702 requires the Court to act as gatekeeper and determine whether

---

[1] The motion also seeks to exclude two Government exhibits, 909a and 909b, for Rule 16 violations.

an expert's testimony may be admitted. Defendant points to no authority for the proposition, however, that either Daubert or Rule 702 require a pretrial hearing to make this determination. To the contrary, as the Second Circuit has observed, "[w]hile the gatekeeping function requires the district court to ascertain the reliability of [the expert's] methodology, it does not necessarily require that a separate hearing be held in order to do so." United States v. Williams, 506 F.3d 151, 161 (2d Cir. 2007). On this issue, the Supreme Court has held:

> [T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. . . The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether* that expert's relevant testimony is reliable. Our opinion in *Joiner* makes clear that a court of appeals is to apply an abuse-of-discretion standard when it "reviews a trial court's decision to admit or exclude expert testimony." 522 U.S. at 138-139. That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion. Otherwise, the trial judge would lack the discretionary authority needed both to avoid unnecessary "reliability" proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises. Indeed, the Rules seek to avoid "unjustifiable expense and delay" as part of their search for "truth" and the "just determination" of proceedings.

Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152-153 (1999). See also United States v. Alatorre, 222 F.3d 1098, 1102 (9th Cir. Cal. 2000) (holding that "a pretrial [Daubert] hearing is not required.")

On the other hand, this Court does not agree with the Government's suggestion that the field of forensic handwriting analysis is so well-established that no Rule 702 inquiry into reliability is necessary. This Court exercises its discretion under the Federal Rules of Evidence and Kumho and will fulfill its gatekeeping obligations and consider any challenges to the

admissibility of John Sang's expert testimony at trial.

For these reasons,

**IT IS** on this 11th day of April, 2012,

**ORDERED** that Defendant's motion to exclude expert testimony (Docket Entry No. 231) is **DENIED** without prejudice and may be renewed at trial.

                                                      s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J