UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL F. DURANTE, | : | Civil Action No. 16-8949 (SRC) |
| Petitioner, | : | **OPINION & ORDER** |
| v. | : | |
| UNITED STATES of AMERICA, | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | : | Criminal Action No. 11-277 (SRC) |
| Plaintiff, | : | |
| v. | : | |
| MICHAEL F. DURANTE, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the second motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Petitioner/Defendant Michael Durante ("Durante").[1]

---

[1] Durante's notice of motion, dated May 5, 2020, seeks two forms of relief: 1) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), he seeks release to the custody of his family; and 2) "he be allowed to serve the remainder of his sentence in home confinement under the custody of the Bureau of Prisons pursuant to 18 U.S.C. 3624(c)(2) as amended by Section 12003(b)(2) of the CARES Act (H.R. 748 – 116th Congress 2019-2020)." As the Government correctly notes in its letter of May 15, 2020, and as discussed in Chief Judge Wolfson's opinion in United States v. Viteri, this Court has no jurisdiction to issue any orders predicated upon 18 U.S.C.§ 3624(c)(2) or its amendments under the CARES act.  See also United States v. McGimsey, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (same).

1

Durante seeks compassionate release from imprisonment to home confinement, due to the circumstances around the Covid-19 virus. The Court held a telephonic hearing on May 6, 2020. For the reasons stated below, the motion will be denied.

Last month, Durante first moved for compassionate release, and this Court found that Durante had failed to exhaust his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), and denied that motion without prejudice. After the expiration of the statutory waiting period, Durante filed his second motion for compassionate release, which is presently before this Court. The parties agree that Durante is now entitled to have this Court consider his motion on the merits.[2]

Durante moves for compassionate release from his present confinement at the Grady County Jail in Oklahoma, seeking to complete his sentence in home confinement. Durante seeks compassionate release due to the Covid-19 pandemic, and makes the following factual assertions: 1) he is 65 and suffers from hypertensive heart disease (O'Donnell 4/13/20 Cert. ¶ 5); 2) he is now "exhibiting the symptoms associated with the Covid-19 virus as described by the CDC" (O'Donnell 5/5/20 Cert. ¶ 3); 3) the conditions of his confinement at the Grady County Jail make it "a veritable petri dish for the Covid-19 virus with no ability to practice the preventive measures of sanitation and social distancing" (id.); and 4) no one in his jail unit has been examined or tested by medical personnel (id.). Durante argues: "To leave the Petitioner in the Grady County jail in the midst of a deadly viral pandemic suffering from symptoms which

---

[2] Durante erroneously has filed the two motions and supporting papers in Civil Action No. 16-8949, his civil action under § 2255, instead of in the criminal case in which he was convicted, Criminal Action No. 11-277. There is no dispute that Durante here seeks relief available only in a criminal case. The relevant filings are considered as if properly filed in the Criminal Action.

have weakened his immune system against the virus with no adequate medical attention would be not compassion but abject cruelty." (Id. at ¶ 5.)

The evidence of record supports Durante's factual assertions only in small part. There is no dispute that Durante is now 66 and that he is at higher risk of serious difficulties from Covid-19 disease because of his age. The claim that Durante suffers from hypertensive heart disease is, at best, only weakly supported by the evidence. Durante submitted no evidence in support of that assertion; his sworn statement addresses other matters, not hypertension. The Government offers three pieces of evidence with regard to Durante's medical history: 1) the Presentence Investigation Report, dated September 6, 2013, states that Durante had reported hypertension, but the Report did not reflect any medication for reducing hypertension; 2) Bureau of Prisons medical records show that Durante's last checkup was on February 6, 2020, Durante's blood pressure was measured as 129/73, and his hypertension was assessed as in remission; and 3) Grady County Jail records show no treatment for hypertension, and blood pressure readings on various dates of 136/80 and 138/82, and 140/81. The evidence in support of Durante's contention that he suffers from hypertension or heart disease is scanty and equivocal at best.[3]

As to Durante's contention that he presently is manifesting the symptoms of Covid-19 disease, the evidence of record shows a factual dispute. Durante submitted a sworn declaration, dated May 5, 2020, which states:

> I have had a sore throat and dry cough for the last week causing pain in my chest wall. I also have a severe headache and muscle ache with chills and fever every night. This is the first time I've been sick in the last three years. My immune

---

[3] In his reply brief, Durante argues that other, earlier prison medical records, not of record, document that Durante has been prescribed antihypertensive medication for periods of time in prison. Durante bears the burden of proof of extraordinary and compelling circumstances here. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). This Court declines the invitation to weigh evidence that has not been entered into the record before it. Furthermore, Durante acknowledges that the medication was discontinued because he no longer needed it.

> system has clearly been compromised since being here. At least half of the men in my pod have the same symptoms as mine.

(Durante Dec. ¶ 2.) The Government disputes these assertions, relying largely on evidence from personnel at the Grady County Jail. On May 6, 2020 – the day after Durante executed his sworn statement –, this Court held a telephonic hearing, on the record, at which it heard the statements under oath of Jim Gerlach, the Grady County Jail Administrator, and Tozhia Moss, a licensed nurse at the Grady County Jail. Ms. Moss stated:

> I went up there today and talked to him, so that I could do a full follow-up on his previous visit, and he stated he is doing much better now, and he states that the only thing that's wrong with him is he has a small cough and that he feels like he is having some allergy issues. Hum, he stated that he -- the only thing that he is requesting is some Tylenol for his back pain, which we are giving him 650 milligrams twice a day per our provider . . . He then stated that he does not want a Covid test, . . . he does not believe it is a necessary test to be performed at this time, and then he signed and dated that as well. I asked him if he was aware of where he was, and he stated that he was -- he is feeling much better, and that if he had any concerns, he would let us know.

(Hrg. Tr. 10:19-11:10.) Ms. Moss also stated that the jail's medical records showed that Durante's last request for medical assistance occurred on April 26, 2020: "his complaints upon being seen were a productive cough, a runny and stuffy nose, and a headache and body aches." (Hrg. Tr. 10:7-9.) The evidence of record shows that, while Durante may have a short time ago experienced flu-like symptoms, he is no longer experiencing them. Dr. Durante was trained and practiced as a physician for many years, and if he contends that a Covid-19 diagnostic test is unnecessary at the present time, that is persuasive evidence that he is no longer experiencing symptoms of Covid-19 disease.[4] Similarly, given that Moss reported that Durante told her that

---

[4] In the reply brief, Durante attempts to introduce uncertainty about whether or not he was actually offered a Covid-19 test by the jail staff. This misses the point, which is that Durante stated that a Covid-19 test was not necessary. Whether or not he might have actually obtained an unnecessary test is irrelevant. What matters is that he stated that he did not think he needed one.

he is feeling much better, with only a small cough and continuing chronic back pain, there is no evidence of record to support Durante's claim that he is suffering from a compromised immune system.

Durante's third and fourth factual assertions allege conditions at the Grady County Jail that could endanger the health of any inmate. As to the fourth assertion, that no medical personnel have examined or tested any inmate in Durante's unit, Durante offers no evidence in support. As already discussed, Ms. Ross, the nurse, said under oath that she checked on Durante twice in two weeks. The evidence does not support the fourth factual assertion.

As for the third allegation, that the conditions of Durante's confinement at the Grady County Jail are tantamount to a petri dish for Covid-19 infection, the evidence does not support this. Durante points to news reports of Covid-19 infections at a different facility, and this is irrelevant as evidence of the conditions of his confinement. Durante does not allege that any inmate in his unit has had Covid-19. Mr. Gerlach and Ms. Ross both spoke to the steps taken at the Grady County Jail to protect inmates from Covid-19 infection. They described, among other measures, how inmates may ask to be tested for the virus, receive a test, and then enter isolation if they test positive for Covid-19. Again, Ms. Ross reported that Dr. Durante had that day declined to take a Covid-19 test, explaining that it was unnecessary. Had Durante, trained as a physician, truly believed that his jail unit is a petri dish for Covid-19 infection, surely he would have wanted to be tested.

In making the present motion, Durante has:

> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This provision empowers a court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for

5

>compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.) The relevant provision states:

>(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
>(1) in any case—
>
>(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Durante moves for compassionate release on the ground that extraordinary and compelling reasons warrant a modification of his sentence. As a sister Court has explained:

> We evaluate compassionate release based on three factors. First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act. Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019).

In applying the law to the facts of this case, the Court is mindful of the Third Circuit's recent statement of this subject:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

United States v. Raia, 2020 U.S. App. LEXIS 10582, at *6 (3d Cir. Apr. 2, 2020). The Third Circuit has thus made clear that the possibility that Covid-19 may spread to Durante's jail unit cannot, without more, justify compassionate release. Although Durante contends that he suffers from heart disease and a weakened immune system, the evidence does not support these assertions. As stated, Durante is at increased risk from Covid-19 infection because of his age, and because he is in jail. The question, then, before this Court is whether being 66 in jail constitutes a sufficiently extraordinary and compelling reason that warrants a modification of his sentence.

Durante offers no legal authority to support his motion, beyond the compassionate release statute itself. He does cite two memoranda from the Attorney General of the United States. The

7

first is a memorandum, dated March 26, 2020, to the director of the Bureau of Prisons, on the subject of the director's exercise of statutory authority to grant home confinement. (O'Donnell 4/3/2020 Dec. Ex. G.) The second is a memorandum, dated April 3, 2020, to the director of the Bureau of Prisons, also on the subject of the director's exercise of statutory authority to grant home confinement. (O'Donnell 4/3/2020 Dec. Ex. H.) Durante cites no authority to explain how these memoranda are relevant to this Court's exercise of its authority under 18 U.S.C. § 3582(c)(1)(A)(i).[5] As Chief Judge Wolfson of this Court recently explained:

> the BOP's ongoing review of all inmates for possible discretionary release to home confinement is not being exercised under Section 3582(c)(1)(A), but rather under a different statute—specifically, 18 U.S.C. § 3624(c)(2), as modified by the recently-enacted Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Accordingly, the BOP's review of all inmates for possible discretionary transfer to home confinement under Section 3624(c)(2) is separate and distinct from the compassionate release provision under Section 3582(c) of the FSA.

United States v. Viteri, 19-cr-44 (FLW), slip op. at 4 (D.N.J. April 10, 2020) (citations omitted). The memoranda that Durante points to appear to concern 18 U.S.C. § 3624(c)(2), not § 3582, the compassionate release statute.

The plain language of § 3582 points in a different direction for guidance: "applicable policy statements issued by the Sentencing Commission."[6] 18 U.S.C. § 3582(c)(1)(A). These policy statements contain a definition which states, in relevant part:

---

[5] In his reply brief, Durante argues as if the memoranda expand the scope of "extraordinary and compelling circumstances," within the meaning of § 3582, to include the threat to the entire prison population of the United States from the Covid-19 pandemic. The Court need not consider the question of whether the Attorney General's memoranda do this, because these memoranda are not policy statements from the Sentencing Commission. Had Congress intended to allow the Attorney General to change the scope of what constitutes "extraordinary and compelling circumstances" in § 3582, it could have drafted the statute accordingly.

[6] Some district courts have debated, however, the extent to which their discretion is limited by the policy statements, with some taking the view that the policy statements are outdated and not limiting. This Court finds that the plain language of the statute directs this Court to determine whether a modification of the sentence is consistent with the policy statements.

1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13, cmt. n.1. Durante does not argue that he meets these criteria, and the record before this Court cannot support a determination that he does. On the present record, this Court finds that the requested modification to Durante's sentence is not consistent with the applicable policy statements issued by the Sentencing Commission. The evidence of record shows that Durante is 66, but not that he has the kind of health problems or impairments that could satisfy the criteria for finding an extraordinary and compelling reason. Indeed, being 66 is not extraordinary.

The compassionate release statute also directs this Court to consider the applicable factors set forth in 18 U.S.C. § 3553(a). These factors weigh against a sentence reduction. The

seriousness of the crime of conviction and the nature and circumstances of the offense both weigh against releasing Durante.  18 U.S.C. § 3553(a)(1), (a)(2)(A).  Durante was a physician who distributed more than 80,000 oxycodone pills.  He used patients as fronts, created false medical records, and sold prescriptions to illegal drug distributors.

The Government argues as well that consideration of this factor is warranted: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  The Government contends, correctly, that Durante's guidelines sentencing range was 235 to 293 months' imprisonment but, at sentencing, this Court varied down by sentencing him to 136 months.  This Court finds that in light of Durante's extraordinary culpability, and the fact that he received a sentence remarkably below the guidelines range, he is not entitled to any further reduction of his sentence.

Durante has failed to demonstrate that he qualifies for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  The motion for compassionate release must be denied.

For these reasons,

**IT IS** on this 18th day of May, 2020,

**ORDERED** that Petitioner/Defendant's motion for compassionate release (erroneously filed as Docket Entry No. 54 in Civil Action No. 16-8949) is **DENIED**.

                                                       s/ Stanley R. Chesler  
                                                  Stanley R. Chesler, U.S.D.J