UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 11-277 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| MICHAEL F. DURANTE, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion to terminate supervised release, pursuant to 18 U.S.C.S. § 3583(e), by Michael F. Durante ("Durante"). On December 17, 2013, Durante was sentenced to an imprisonment term of 136 months, to be followed by a term of three years of supervised release for one count of Conspiracy to Distribute Oxycodone and 15 counts of Distribution of Oxycodone. His term of supervised release is scheduled for completion on September 15, 2025.

Durante now moves for early termination of his term of supervised release. Defendant contends that throughout his term of incarceration, home confinement, and supervised release, he has had no disciplinary problems. He states that he currently works in food delivery, and he seeks early termination of supervision so that he can petition the state licensing board to reinstate his medical license. Durante states that he would like to pursue teaching or research opportunities in medicine.

The applicable statutory provision, 18 U.S.C.S. § 3583(e), states:

Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553 . . .

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C.S. § 3583(e).

In response to the motion, the United States Probation Office stated that Durante has complied with all conditions of supervised release. The Probation Office noted that the *Guide to Judiciary Policy*, Vol. 8, Ch. 3, Section 360.20(c) directs that, at 18 months of supervision, there is a presumption in favor of recommending early termination of supervision for persons who meet certain criteria, which Durante has met. Based on this, the Probation Office does not oppose the motion for early termination of supervision.

The United States, however, opposes Durante's motion, contending that he has not met his burden of showing that early termination is justified. The Government quotes the Third Circuit's decision in Melvin: "We think that generally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020). In short, the Government contends that no new or unforeseen circumstances warrant early termination in this case. Moreover, the Government contends that Durante's reason for early termination – to allow for restoration of his medical license – is directly contrary to the terms of his sentence. In this Court's Amended Judgment, dated January 7, 2014, there is a section titled, "Supervised Release," and, within that section, there is a subsection titled, "Occupational Restrictions," which states:

> As a further special condition of supervised release, you are to refrain from as a further special condition of supervised release, you are to refrain from employment or volunteer work in any position where he directly or indirectly has

>authority over or any access to medications, prescriptions pads, and from employment or volunteer work in any medical office, pharmacy or related field, or in any similar-type of facility, agency, or location.

(Amended Judgment at 3.)   Thus, it appears that this Court anticipated the possibility that Defendant might seek to return to work as a physician during the term of his supervised release, and this Court prohibited it.

The Court agrees with the United States that it is not in the interest of justice to grant Durante's motion; to the contrary, granting the motion would be *against* the interest of justice. Durante's sentence provided a period of supervised release in which return to work as a physician would be barred, and, as the Government argues, Durante has failed to meet his burden to show that new or unforeseen circumstances warrant an early termination of supervision that would have the effect of modifying this aspect of his sentence.   The Court is not satisfied, pursuant to 18 U.S.C.S. § 3583(e), that early termination of supervised release is warranted by the conduct of the defendant and the interest of justice.   The motion will be denied.

For these reasons,

**IT IS** on this 18th day of September, 2024,

**ORDERED** that Defendant's motion for termination of supervised release (Docket Entry No. 589) is **DENIED**.

>    s/ Stanley R. Chesler
> Stanley R. Chesler, U.S.D.J